IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DUSHAWN TERRELL,
**Plaintiff,**

V.

Tobias Houston; and
City of Chicago,
**Defendant**

24-cv-09774
Judge Manish S. Shah
Magistrate Judge Jeffrey T. Gilbert
Random/CAT 2

**Presiding Judge**

# COMPLAINT

Plaintiff Dushawn Terrell, by and through Pro Se', complains against Defendants Officer Tobais Houston #10647, while acting under the color of state law, and the City of Chicago as follows:

INTRODUCTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 seeking redress for Defendants' violation of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and Article (1), section 6 of the Illinois Constitution

2. On June 6, 2024, Defendant Officer Tobias Houston unlawfully arrested Plaintiff Dushawn Terrell. During the arrest, Officer Houston used excessive force and subsequently fabricated and falsified a written arrest report to justify the arrest and conceal his misconduct.

JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as the events giving rise to these claims occurred in this district.

PARTIES

5. Plaintiff DuShawn Terrell is a resident of Chicago, Illinois.

6. Defendant Tobias Houston, while acting under the color of state law, is a Chicago police officer employed by the Chicago Police Department. He is being sued in his individual/official capacity.

7. Defendant City of Chicago is a municipal corporation and is responsible for the policies, practices, and customs of the Chicago Police Department.

FACTS

8. The Plaintiff, DuShawn Terrell, who suffers from post-traumatic stress disorder (PTSD), major depressive disorder (MDD), and generalized anxiety disorder (GAD), was involved in an incident with the Defendant Officer Tobais Houston

9. The Plaintiff DuShawn Terrell, who is currently staying in a nursing home located, 4815 S. Western Blvd., Chicago, Illinois., Aperion Care International; was walking home late one night when he began experiencing heightened anxiety and PTSD symptoms triggered by being past curfew, loud noises and nearby traffic.

10. The Defendant, officer Tobais Houston, observed the Plaintiff agitated behavior - pacing, talking to himself, and appearing disoriented.

11. The Defendant officer, Tobais Houston approached the Plaintiff without identifying himself as a Chicago Police Officer, and his reason for the stop, and demanded the Plaintiff to stop.

12. The Plaintiff, DuShawn Terrell, startled by the sudden confrontation and still in a state of anxiety, had difficulty complying immediately and tried to explain his condition and situation.

13. The Defendant Officer Houston misinterpreted the Plaintiff Dushawn Terrell hesitation and agitation as signs of intoxication and potential aggression, rather than symptoms of mental health issues.

14. While the Plaintiff attempted to communicate his mental health status, Officer Houston escalated the situation, interpreting the Plaintiff anxiety-driven movements as threatening.

15. Without warning or justification, officer Houston then sprayed the Plaintiff directly in the face with Pepper Spray.

16. As the Plaintiff, blinded by the pepper spray, stumbled backward, officer Houston grabbed the Plaintiff, and violently slammed him, head first into the concrete pavement.

17. The impact rendered the Plaintiff unconscious.

18. When the Plaintiff regained consciousness, he was covered in urine and handcuffed to a hospital bed wearing a neck brace at UChicago Medicine Hospital; and later taken to 3120 S. Halsted St. police station.

19. The Defendant, Officer Houston, then fabricated and falsified a written arrest report to justify his unlawful arrest and use of excessive force against the Plaintiff.

20. Specifically, in his arrest report, Officer Houston falsely claimed that he had observed the Plaintiff drinking a beer in the Public Way.

21. Officer Houston further stated in his written arrest report that he had recovered $30 worth of stolen alcoholic beverages.

22. Surveillance footage from the convenience store on June 6, 2024, shows no evidence of Plaintiff committing theft.

23. As a result of Officer Houston's actions, the Plaintiff suffered physical injuries, including a concussion and facial lacerations, as well as emotional distress, loss of liberty, and legal expenses.

CLAIMS FOR RELIEF

Count I: Fourth Amendment - Unlawful Arrest
(Against Defendant Houston)

24. Plaintiff realleges and incorporates by reference the preceding paragraphs.

25. Defendant Houston arrested Plaintiff without probable cause in violation of the Fourth Amendment.

Count II: Fourth Amendment - Excessive use of Force
(Against Defendant Houston)

26. Plaintiff realleges and incorporates by reference the preceding paragraphs.

27. Defendant Houston used unreasonable and excessive force that was unjustified, when he pepper sprayed the plaintiff, and slammed him head first into the concrete pavement knocking the Plaintiff unconscious In violation of the Plaintiff Fourth Amendment rights.

Count III: Fourteenth Amendment - Intentional Infliction of Emotional Distress
(Against Defendant Houston)

28. Plaintiff realleges and incorporates by reference the preceding paragraphs.

29.. The defendant's action included pepper spraying the Plaintiff, and body slamming the plaintiff head first into the concrete pavement ; for which was unnecessary under the circumstance.

The use of force was not justified as there was no imminent threat posed by the Plaintiff. As a direct result of the Defendant's action, the Plaintiff suffered severe emotional distress, including but not limited to the on going exacerbation of the Plaintiff Post-Traumatic Stress Disorder, Major Depressive Disorder and Generalized Anxiety Disorder

The Plaintiff has required medical treatment and psychological counseling to address the emotional trauma caused by the Defendant's conduct, for which was extreme and outrageous, going beyond all bounds of decency.

The defendant acted with the intent to cause, or with reckless disregard of the probability of causing, emotional distress to the Plaintiff. And the Plaintiff suffered severe emotional distress as a direct and proximate result of the Defendants actions.

Count IV: Fourth Amendment- Violation of Statutory Rights
(Against Defendant Houston)

30. Plaintiff realleges and incorporates by reference the preceding paragraphs.

31. Defendant Houston actions violated Plaintiff's rights under 725 ILCS 5/107-14 when he failed to adhere to the requirements of the statue, for which violated the Plaintiff Fourth Amendment to the United States Constitution.

Count V: Monell Claim
(Against Defendant City of Chicago)

32. Plaintiff realleges and incorporates by reference the preceding paragraphs.

33. The defendant, City of Chicago maintain policies, practices, and customs for which, were the moving force behind the constitutional violations suffered by Plaintiff, as result of the use of excessive force by Defendant Houston, and included but limited to:

a. Failing to properly train officers on the limits of their authority under 725 ILCS 5/107-14; and

b. Failing to supervise and discipline officers who violate citizens' rights during temporary questioning.

34. As a direct and proximate result of the Defendants' unlawful actions, the Plaintiff suffered great physical damages, including but not limited to emotional distress, humiliation, and violation of his constitutional rights.

35. COUNT VI: Fourteenth Amendment Violation under the Americans with Disabilities Act (against City of Chicago)

36. The Plaintiff asserts that the Defendants, Officer Houston and the City of Chicago, violated his civil rights. The Plaintiff contends that the City of Chicago maintains policies, practices, and customs that resulted in the failure to properly train and supervise Officer Houston in recognizing and responding to signs of mental health issues. This lack of training and supervision led to the mischaracterization of the Plaintiff's behavior, resulting in the use of excessive force. The Plaintiff argues that with proper training, Officer Houston could have employed de-escalation techniques and appropriate crisis intervention methods, thereby avoiding the use of such force.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor; and against Defendant Houston and the City of Chicago, providing the following relief:

A. Compensatory damages: $ 25,000,000.00

B. Punitive damages against Defendant Houston and the City of Chicago: $25,000,000.00

C. Attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

D. Such other relief as the Court deems just and proper.

JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ DuShawn Terrell*      Date: 10/01/2024
Pro se 'Attorney's Signature

*/s/ DuShawn Terrell*      Date: 10/01/2024
Pro se' Attorney for Dushawn Terrell

4815 S. Western Blvd
Chicago Illinois, 60608
(773) 696-3074
OspForty.360@gmail.com

DueShawn Terrell
4815 S Western Blvd.
Chicago, IL 60609

DueShawn Terrell Building
United States District
Northern District of Illinois
219 S Dearborn Street
Chicago, Illinois 60604

U.S. POSTAGE PAID
FCM LG ENV
SOUTH HOLLAND, IL 60473
OCT 02, 2024
$2.87
S2324H505501-10

Retail
RDC 99
60604

RECEIVED
OCT 09 2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT