UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DuShawn Terrell, | ) | 24-cv-9774 |
| | ) | |
| Plaintiff, | ) | Judge Manish S. Shah |
| | ) | Magistrate Judge Jeffrey T. Gilbert |
| v. | ) | |
| | ) | |
| Tobias Houston and City of Chicago, | ) | |
| | ) | |
| Defendants. | ) | JURY DEMANDED |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT,
<u>AFFIRMATIVE DEFENSES, AND JURY DEMAND</u>**

NOW COMES defendants, Officer Tobias Houston and City of Chicago, by and through one of their attorneys, Raymond Garant, Assistant Corporation Counsel, and submit their answer to plaintiff's complaint, affirmative defenses and jury demand, stating as follows:

**INTRODUCTION**

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 seeking redress for Defendants' violation of Plaintiff's rights under the Fourth and Fourteenth Amendment of the United States Constitution and Article (1), section 6 of the Illinois Constitution.

**<u>ANSWER:</u>**
**Defendants admit the allegations of this paragraph but deny any wrongdoing.**

2. On June 6, 2024, Defendant Officer Tobias Houston unlawfully arrested Plaintiff Dushawn Terrell. During the arrest, Officer Houston used excessive force and subsequently fabricated and falsified a written arrest report to justify the arrest and conceal his misconduct.

**<u>ANSWER:</u>**
**Defendants deny the allegations in this paragraph.**

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3).

**<u>ANSWER:</u>**
**Defendants admit the allegations contained in this paragraph.**

4. Venue is proper in the district pursuant to 28 U.S.C. § 1391(b) as the events giving rise to these claims occurred in this district.

**ANSWER:**
**Defendants admit the allegations contained in this paragraph.**

## PARTIES

5. Plaintiff DuShawn Terrell is a resident of Chicago, Illinois.

**ANSWER:**
**Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

6. Defendant Tobias Houston, while acting under color of state law, is a Chicago police officer employed by the Chicago Police Department. He is being sued in his individual/official capacity.

**ANSWER:**
**Defendants admit the allegations contained in this paragraph.**

7. Defendant City of Chicago is a municipal corporation and is responsible for the policies, practices, and customs of the Chicago Police Department.

**ANSWER:**
**Defendants admit the allegations contained in this paragraph.**

## FACTS

8. The Plaintiff, DuShawn Terrell, who suffers from post-traumatic stress disorder (PTSD), major depressive disorder (MDD), and generalized anxiety disorder (GAD), was involved in an incident with the Defendant Officer Tobias Houston.

**ANSWER:**
**Defendants admit that defendant Houston arrested plaintiff and lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

9. The Plaintiff DuShawn Terrell, who is currently staying in a nursing home located, 4815 S. Western Blvd., Chicago, Illinois., Aperion Care International, was walking home late one night when he began experiencing heightened anxiety and PTSD symptoms triggered by being past curfew, loud noises, and nearby traffic.

**ANSWER:**
**Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

10. The Defendant, officer Tobias Houston, observed the Plaintiff agitated behavior – pacing, talking to himself, and appearing disoriented.

**ANSWER:**
**Defendants deny the allegations contained in this paragraph as a fair and accurate characterization of events.**

11. The Defendant officer, Tobias Houston, approached the Plaintiff without identifying himself as a Chicago Police Officer, and his reason for the stop, and demanded the Plaintiff to stop.

**ANSWER:**
**Defendants deny the allegations contained in this paragraph.**

12. The Plaintiff, DuShawn Terrell, startled by the sudden confrontation and still in a state of anxiety, had difficulty complying immediately and tried to explain his condition and situation.

**ANSWER:**
**Defendants deny the allegations contained in this paragraph.**

13. The Defendant Officer Tobias Houston misinterpreted the Plaintiff Dushawn Terrell hesitation and agitation as signs of intoxication and potential aggression, rather than symptoms of mental health issues.

**ANSWER:**
**Defendants deny the allegations contained in this paragraph.**

14. While the Plaintiff attempted to communicate his mental health status, Officer Houston escalated the situation, interpreting the Plaintiff anxiety-driven movements as threatening.

**ANSWER:**
**Defendants admit that defendant Houston interpreted plaintiff's movements as threatening and deny the remaining allegations contained in this paragraph.**

15. Without warning or justification, officer Houston then sprayed the Plaintiff directly in the face with Pepper Spray.

**ANSWER:**
**Defendants admit that defendant Houston sprayed plaintiff with pepper spray. Answering further, defendants deny the remaining allegations contained in this paragraph.**

16. As the Plaintiff, blinded by the pepper spray, stumbled backward, officer Houston grabbed the Plaintiff, and violently slammed him, head first into the concrete pavement.

**ANSWER:**
**Defendants deny the allegations contained in this paragraph.**

17. The impact rendered plaintiff unconscious.

**ANSWER:**
**Defendants deny the allegations contained in this paragraph.**

18. When the Plaintiff regained consciousness, he was covered in urine and handcuffed to a hospital bed wearing a neck brace at UChicago Medicine Hospital, and later taken to 3120 S. Halsted St. police station.

**ANSWER:**
**Defendants deny that plaintiff was ever unconscious and lack sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.**

19. The Defendant, Officer Houston, then fabricated and falsified a written arrest report to justify his unlawful arrest and use of excessive force against the Plaintiff.

**ANSWER:**
**Defendants deny the allegations contained in this paragraph.**

20. Specifically, in his arrest report, Officer Houston falsely claimed that he had observed the Plaintiff drinking a beer in the Public Way.

**ANSWER:**
**Defendants admit that defendant Houston recorded in the arrest report that he had observed plaintiff drinking a beer in the public way and denies the remaining allegations contained in this paragraph.**

21. Officer Houston further stated in his written arrest report that he had recovered $30 worth of stolen alcoholic beverages.

**ANSWER:**
**Defendants admit the allegations contained in this paragraph and deny any alleged wrongdoing.**

22. Surveillance footage from the convenience store on June 6, 2024 shows no evidence of Plaintiff committing theft.

**ANSWER:**
**Defendants lack sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

23. As a result of Officer Houston's actions, the Plaintiff suffered physical injuries, including a concussion and facial lacerations, as well as emotional distress, loss of liberty, and legal expenses.

**ANSWER:**
**Defendants deny the allegations contained in this paragraph.**

## CLAIMS FOR RELIEF

### Count I: Fourth Amendment – Unlawful Arrest (Against Defendant Houston)

24. Plaintiff realleges and incorporates by reference the preceding paragraphs.

**ANSWER:**
**Defendants incorporate by reference their answers to the preceding paragraphs as though set forth herein in their entirety.**

25. Defendant Houston arrested Plaintiff without probable cause in violation of the Fourth Amendment.

**ANSWER:**
**Defendants deny the allegations contained in this paragraph.**

### Count II: Fourth Amendment – Excessive Use of Force (Against Defendant Houston)

26. Plaintiff realleges and incorporates by reference the preceding paragraphs.

**ANSWER:**
**Defendants incorporate by reference their answers to the preceding paragraphs as though set forth herein in their entirety.**

27. Defendant Houston used unreasonable and excessive force that was unjustified, when he pepper sprayed the plaintiff, and slammed him head first into the concrete pavement knocking the Plaintiff unconscious in violation of the Plaintiff's Fourth Amendment rights.

**ANSWER:**
**Defendants deny the allegations contained in this paragraph.**

### Count III: Fourteenth Amendment – Intentional Infliction of Emotional Distress (Against Defendant Houston)

28. Plaintiff realleges and incorporates by reference the preceding paragraphs.

**ANSWER:**
**Defendants incorporate by reference their answers to the preceding paragraphs as though set forth herein in their entirety.**

29. The defendant's action included pepper spraying the Plaintiff, and body slamming the plaintiff head first into the concrete pavement ; for which was unnecessary under the circumstance.

The use of force was not justified as there was no imminent threat posed by the Plaintiff. As a direct result of the Defendant's action, the plaintiff suffered severe emotional distress, including but not limited to the on going exacerbation of the Plaintiff Post-Traumatic Stress Disorder, Major Depressive Disorder, and Generalized Anxiety Disorder.

The Plaintiff has required medical treatment and psychological counseling to address the emotional trauma caused by the Defendant's conduct, for which was extreme and outrageous, going beyond all bounds of decency.

The defendant acted with the intent to cause, or with reckless disregard of the probability of causing, emotional distress to the Plaintiff. And the Plaintiff suffered severe emotional distress as a direct and proximate result of the Defendants actions.

**ANSWER:**
**Defendants deny the allegations contained in this paragraph.**

### Count IV: Fourth Amendment – Violation of Statutory Rights
### (Against Defendant Houston)

30. Plaintiff realleges and incorporates by reference the preceding paragraphs.

**ANSWER:**
**Defendants incorporate by reference their answers to the preceding paragraphs as though set forth herein in their entirety.**

31. Defendant Houston actions violated Plaintiff's rights under 725 ILCS 5/107-14 when he failed to adhere to the requirements of the statute, for which violated the Plaintiff Fourth Amendment to the United States Constitution.

**ANSWER:**
**Defendants deny the allegations contained in this paragraph.**

### Count V: Monell Claim (Against Defendant City of Chicago)

32. Plaintiff realleges and incorporates by reference the preceding paragraphs.

**ANSWER:**
**Defendants incorporate by reference their answers to the preceding paragraphs as though set forth herein in their entirety.**

33. The defendant, City of Chicago maintain policies, practices, and customs for which, were the moving force behind the constitutional violations suffered by Plaintiff, as result of the use of excessive force by Defendant Houston, and included by limited to:

    a. Failing to properly train officers on the limits of their authority under 725 ILCS 5/107-14; and

    b. Failing to supervise and discipline officers who violate citizens' rights during temporary questioning.

**ANSWER:**
**Defendants deny any wrongdoing. Answering further, no answer is required as Count V was dismissed by the Court in its screening order. (See ECF No. 9, pg. 2.)**

34. As a direct and proximate result of the Defendants' unlawful actions, the Plaintiff suffered great physical damages, including but not limited to emotional distress, humiliation, and violation of his constitutional rights.

**ANSWER:**
**Defendants deny any wrongdoing. Answering further, no answer is required as Count V was dismissed by the Court in its screening order. (See ECF No. 9, pg. 2.)**

35. **Count VI: Fourteenth Amendment Violation under the Americans with Disabilities Act (Against City of Chicago)**

36. The Plaintiff asserts that the Defendants, Officer Houston and the City of Chicago, violated his civil rights. The Plaintiff contends that the City of Chicago maintains policies, practices, and customs that resulted in the failure to properly train and supervise Officer Houston in recognizing and responding to signs of mental health issues. This lack of training and supervision led to the mischaracterization of the Plaintiff's behavior, resulting in the use of excessive force. The Plaintiff argues that with proper training, Officer Houston could have employed de-escalation techniques and appropriate crisis intervention methods, thereby avoiding the use of such force.

**ANSWER:**
**Defendants deny any wrongdoing. Answering further, no answer is required as Count VI was dismissed by the Court in its screening order. (See ECF No. 9, pg. 2.)**

**AFFIRMATIVE DEFENSES**

1. Defendant Houston is entitled to qualified immunity as a government official who performs discretionary functions. At the time of the incident referenced in plaintiff's complaint, defendant Houston was a member of the Chicago Police Department who was executing and enforcing the law. At all times relevant to plaintiff's complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted defendant Houston could have

believed his actions to be lawful, in light of clearly established law and the information defendant Houston possessed at the time.

2.	To the extent plaintiff failed to mitigate any of his claimed damages, any verdict or judgment obtained by plaintiff must be reduced by application of the principle that plaintiff had a duty to mitigate his damages, commensurate with the degree of failure to mitigate attributed to plaintiff.

3.	Defendant City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against an employee by the injured party or a third party. 745 ILCS 10/2-102.

4.	Defendant City is not liable to plaintiff for any federal claim for which its employees or agents are not liable to plaintiff. See *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

5.	At the time of the actions alleged in plaintiff's complaint, 735 ILCS 5/2-116 was in effect and this statute bars plaintiff from the recovery of damages as his contributory fault was more than 50 percent of the proximate cause of the injury or damage for which recovery is sought. See 735 ILCS 5/2-1116.

6.	To the extent any injuries or damages claimed by plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct of the plaintiff, any verdict or judgment obtained by plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this cause. At the time of the actions alleged in plaintiff's complaint, 735 ILCS 5/2-1116 was in effect and reduces plaintiff's recovery according to his contributory negligence and

bars his recovery entirely when plaintiff is more than fifty percent (50%) of the proximate cause of the injury or damage for which recovery is sought.

7. As to the conduct of the defendants and/or any of the City's employees, if any, alleged under state law, if the conduct was not intentional, in that the defendant or employee did not demonstrate an actual or deliberate intention to harm, but was merely reckless, plaintiff's contributory negligence will reduce his damages based on the principles set forth in 735 ILCS 5/2-1107.1. *Poole v. City of Rolling Meadows*, 167 Ill. 2d 41, 48 (1995). As such, should the evidence show that one or more defendants' and/or City employees' conduct, as alleged by plaintiff, was "reckless" as defined in *Poole*, this Court should enter a verdict of not liable for defendants if the plaintiff's contributory negligence is found to be more than 50% of the total proximate cause of the injury or damage for which plaintiff seeks recovery. See *id*. Further, should the evidence show that the comparative negligence of the plaintiff is 50% or less, this Court should enter a diminution of damages in proportion to the amount of fault attributable to the plaintiff. See *id*.

8. As to any potential state law claims pleaded by plaintiff, under the Illinois Tort Immunity Act, defendant Houston is not liable for any of plaintiff's alleged state law claims because a public employee, as such and acting within the scope of their employment, is not liable for an injury caused by the act or omission of another person. 745 ILCS 10/2-204.

9. As to any potential state law claims pleaded by plaintiff, under the Illinois Tort Immunity Act, defendant Houston is not liable for any of the state law claims alleged because the decision as to what action to take with regard to plaintiff was a discretionary decision for which the defendant City of Chicago and its employees are immune from liability. 745 ILCS 10/2-201.

10. As to plaintiff's state law claims, under the Tort Immunity Act, defendant Houston is not liable for any claim for punitive damages because a public official is not liable to pay punitive

or exemplary damages in any action arising out of an act or omission made by the public official while serving in an official executive, legislative, quasi-legislative or quasi-judicial capacity, brought directly or indirectly against him by the injured party or a third party. 745 ILCS 10/2-102 (2012); *Reese v. May*, 955 F. Supp. 869, 873 (N.D. Ill. 1996); *Golden v. Village of Glenwood*, No. 14 C 7247, 2015 WL 1058227, *3-5 (Mar. 6, 2015).

## **JURY DEMAND**

Defendants hereby demand a trial by jury on all issues so triable.

Respectfully Submitted,

DATED: January 13, 2025

*/s/ Raymond Garant*
Raymond Garant

Raymond Garant, Assistant Corporation Counsel
Gregory Beck, Assistant Corporation Counsel Supervisor
City of Chicago, Department of Law
2 N. LaSalle Street, Suite 420
Chicago, IL 60602
(312) 742-6423
raymond.garant@cityofchicago.org

## **CERTIFICATE OF SERVICE**

I certify that on January 13, 2025, I served the foregoing document upon plaintiff by filing a copy with the Clerk of the Northern District of Illinois using the Court's electronic filing system.

*/s/ Raymond Garant*
Assistant Corporation Counsel