## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DUSHAWN TERRELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:24-cv-9774 |
| | ) | |
| v. | ) | Judge Manish S. Shah |
| | ) | |
| CITY OF CHICAGO and TOBIAS HOUSTON, | ) | Magistrate Judge Jeffrey T. Gilbert |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPPOSED MOTION TO STAY FOR MILITARY DEPLOYMENT**

NOW COME defendants, City of Chicago and Officer Tobias Houston, by and through their undersigned counsel, and for their opposed motion to stay the case, state as follows:

1.     Plaintiff brings this lawsuit against the City of Chicago and Officer Tobias Houston alleging false arrest (state and federal), excessive force, and intentional infliction of emotional distress stemming from his arrest on June 6, 2024. (See ECF Nos. 1 and 9.)

2.     Defendant, Tobias Houston, is currently on active-duty military leave with the United States Army Reserves and expects to continue to be through September 16, 2025. (Ex. 1 – Houston Military Leave of Absence.)

3.     Under the Servicemember Civil Relief Act (SCRA), a stay may be requested by counsel, or brought by the Court on its own motion, if there may be a defense to the alleged actions and the defense cannot be presented without the presence of the defendant officer. See 50 U.S.C. §3931(d)(1).

4.     Under the SCRA, a member of the armed services need not show that the servicemember's military service would prejudice the servicemember's ability to participate in or defend an action. See *Conroy v. Aniskoff*, 507 U.S. 511 (1993). The SCRA is to be "liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." *Id.* at 526

5.     A stay must be granted pursuant to 50 U.S.C. §3931(d) upon application of counsel, or on the court's own motion, for a minimum of 90 days if the court determines that either (1) there may be a defense to the action and a defense cannot be presented without the presence of the defendant or (2) after due diligence, counsel has been unable to contact the defendant or otherwise determine if a meritorious defense exists. See U.S.C. §3931(d).

6.     A stay is required in this case pursuant to 50 U.S.C. §3931(d)(1). The allegations in plaintiff's complaint rely on plaintiff's characterization of defendant Houston's alleged conduct as without lawful justification. As the allegations deal directly with defendant Houston's alleged actions, his defense, as well as the City of Chicago's defense, cannot be presented without Officer Houston's participation in the proceedings.

7.     On March 14, 2025, plaintiff served his first requests to produce. Answers to plaintiff's first requests to produce are due April 14, 2025.

8.     On March 21, 2025, plaintiff served the following written discovery requests upon defendants: requests for admission (ECF Nos. 27, 28) and interrogatories (ECF Nos. 37, 38). Answers to these discovery requests are due on or before April 21, 2025.

9.     Officer Houston's ability to participate in this litigation, including answering these discovery requests, is inextricably linked to not only his defenses of plaintiff's allegations, but the City of Chicago's as well.

10.    Defendant Houston expects to be on military leave through September 16, 2025. Defendants City of Chicago and Officer Houston therefore request that all their obligations related to this litigation be stayed until Officer Houston's deployment has ended.

11.    Counsel for defendants asked plaintiff for his consent to this motion, and plaintiff has stated objects to this motion and the relief sought.

WHEREFORE, defendants City of Chicago and Officer Tobias Houston respectfully request this Court stay all their obligations related to this litigation until such time as Officer Houston's military deployment ends and he can participate in the defense of this case.

Respectfully submitted,

Date: April 9, 2025                  /s/ *Raymond Garant*
                                     Raymond Garant

Raymond Garant, Assistant Corporation Counsel
Gregory Beck, Assistant Corporation Counsel Supervisor
City of Chicago Department of Law
2 N. LaSalle Street, Suite 420
Chicago, IL 60602
(312) 742-6423
raymond.garant@cityofchicago.org
Attorney Nos: P-79349 (MI) / 6343631 (IL)

## CERTIFICATE OF SERVICE

I, Raymond Garant, an attorney, certify that on April 9, 2025, I served a copy of this motion upon all counsel of record by filing the same before the Court via the ECF system.

/s/ *Raymond Garant*
Raymond Garant