BC  FILED 4/11/2025 CVK
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DUSHAWN TERRELL, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:24-cv-9774 |
| ) | |
| v. ) | Judge Manish S. Shah |
| ) | |
| CITY OF CHICAGO and TOBIAS HOUSTON, ) | Magistrate Judge Jeffrey T. Gilbert |
| ) | |
| Defendants. ) | |

## MOTION TO RECONSIDER ORDER GRANTING STAY OF PROCEEDINGS

Comes now the Plaintiff, Dushawn Terrell, by and through their undersigned counsel,ProSe; and respectfully moves this Honorable Court to reconsider its Order entered on April 10,2025 granting the Defendant's Motion to Stay Proceedings, and in support thereof, would show the Court the following:

**I. INTRODUCTION**

On April 09,2025, the Defendant, Tobias Houston et al, filed a Motion to Stay Proceedings pursuant to the Servicemembers Civil Relief Act (50 U.S.C. § 3901 et seq.) ("SCRA"). On April 10, 2025, this Court entered an Order granting the Defendant's Motion to Stay. With all due respect to this Honorable Court, the Plaintiff submits that the Order granting the stay is contrary to the express requirements of the SCRA, specifically 50 U.S.C. § 3932(b)(2), as the Defendant failed to provide the mandatory documentation required for a mandatory stay under the Act.

**II. ARGUMENT**

A. **The SCRA Imposes Specific Mandatory Documentation Requirements for a Stay.**

The SCRA provides certain protections to active-duty military personnel involved in civil proceedings. However, these protections are not automatic and require the servicemember to

comply with specific statutory requirements. Regarding a stay of proceedings, 50 U.S.C. § 3932(b)(2) explicitly states:

> "(2) An application for a stay under subsection (b)(1) **shall** include the following:
>
> **(A) A statement setting forth facts stating the manner in which current military duty requirements materially affect the servicemember's ability to appear and stating a date when the servicemember will be available to appear.**
>
> **(B) A letter or other communication from the servicemember's commanding officer stating that the servicemember's current military duty prevents appearance and [1] stating that military leave is not authorized for the servicemember at the time of the letter."**

The use of the word "**shall**" clearly indicates that the inclusion of both the servicemember's statement and the commanding officer's letter is a mandatory prerequisite for a mandatory stay under this provision of the SCRA.

B. **The Defendant's Motion Failed to Include the Mandatory Documentation.**

As discussed with the Court and opposing counsel, the Defendant's Motion to Stay was not accompanied by either a personal statement from the Defendant Officer explaining how their basic training with the Army Reserve materially affects their ability to appear in this matter, nor was it accompanied by a letter or other communication signed by their commanding officer confirming this inability to appear and stating that military leave is not authorized. The only document provided to Plaintiff's counsel via email was an unsigned "military leave of absence document" allegedly filed with the Defendant's civilian employer. This document does not satisfy the explicit requirements of 50 U.S.C. § 3932(b)(2). See Ex.1(attached)

C. **The Granting of the Stay Without the Required Documentation is Contrary to Law.**

Because the Defendant failed to provide the mandatory documentation as required by the SCRA, the Plaintiff respectfully submits that the Court's Order granting the stay was based on an insufficient legal foundation and is contrary to the express provisions of federal law. The

SCRA does not grant automatic stays based solely on military status; the specific factual showing supported by the required statements is essential.

D. **The Untimeliness of the Motion and Prejudice to the Plaintiff Further Weigh Against the Stay.**

As previously argued, the Defendant was aware of their military leave for basic training as early as February 26, 2025, with the leave commencing on March 24, 2025. Despite this advance notice and the Plaintiff serving Interrogatories and Requests for Admission prior to the Defendant's departure, the Motion to Stay was not filed until April 09, 2025. This significant delay suggests a lack of diligence and has prejudiced the Plaintiff by hindering discovery and delaying the progress of this case.

E. **The Alleged Military Leave Exceeds the Initial 90-Day Period.**

The Defendant's alleged military leave extends from March 24, 2025, to September 16, 2025, significantly exceeding the initial 90-day period contemplated by the SCRA for a mandatory stay. Any stay beyond 90 days is discretionary with the Court and requires a continued showing of material affectation, which has not been properly established here due to the lack of required documentation. See ( Exhibit 1)

**III. CONCLUSION**

For the foregoing reasons, the Plaintiff, Dushawn Terrell, respectfully requests that this Honorable Court reconsider its Order granting the Defendant's Motion to Stay Proceedings and, upon reconsideration, vacate the Order and direct the Defendant to proceed with the civil litigation, including responding to outstanding discovery.

Respectfully submitted,

Dushawn Terrell (Pro Se)                     Date: 04/11/2025

5921 S. Emerald Ave.

Chicago, Il. 60621

(312)-898-5627

ospforty.360@gmail.com

---

### **CERTIFICATE OF SERVICE**

    I, DuShawn Terrell, Pro Se, certify that on April 11,2025, I served a copy of this motion to reconsider order granting STAY of Proceedings upon all counsel of record by filing the same before the Court via the ECF system and emailing same to raymond.garant@cityofchicago.org


                                        */s/ Dushawn Terrell*
                                        Dushawn Terrell